IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY JON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-2176 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging his disciplinary conviction. Respondent filed a motion for summary judgment (Docket Entry No. 7), to which petitioner filed a response (Docket Entry No. 18).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background and Claims*

A prison disciplinary hearing officer ("DHO") found petitioner guilty of disciplinary infraction #20120091157 for soliciting assistance from an officer to violate an employee rule. Petitioner was punished with the loss of forty-five days recreation and commissary privileges, forty-five days of cell restriction, and forfeiture of thirty days good time credit. His step one

and step two appeals were denied. The parties agree that petitioner is eligible for mandatory supervised release.

Petitioner raises the following due process claims in the instant petition:

1. He was denied due process because

   a. he did not receive notice that he violated prison rules, and was not informed of evidence against him or permitted to comment;

   b. he was not given the required twenty-four hours' notice; and

   c. he was denied witnesses.

2. The offense report and the officer's testimony do not support a finding of guilt.

3. The DHO was not impartial.

Respondent argues that these grounds are without merit and should be dismissed.

### *Analysis*

*Due Process*

A prisoner's habeas challenge to a disciplinary conviction is not actionable in federal court if the outcome of the administrative proceeding does not adversely affect his release date. *Sandin v. Conner*, 515 U.S. 472, 477–78 (1995); *Luken v.Scott*, 71 F.3d 192, 193 (5th Cir. 1995). A prisoner does not have many of the due process rights and privileges that a free citizen enjoys. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In some instances, the state may create liberty interests that are protected by due process. *Id.* However, a prison

inmate may only seek relief from disciplinary actions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, at 484.

Three of the disciplinary conviction punishments imposed on petitioner – commissary restriction, cell restriction, and recreation restriction – involve the temporary loss of prison privileges that imposed no "atypical and significant hardship" on him. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison*, 104 F.3d at 768. Only petitioner's loss of good time credits is subject to a due process review in this federal habeas action. *See Houser v. Dretke*, 395 F.3d 560 (5th Cir. 2004).

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that disallowance of good time credit, which will result in an inmate's confinement being extended, requires due process. The Court explained that due process in the context of prison discipline proceedings is not the same as due process in the criminal law context because "[p]rison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Id*. at 556. The Court held that due process is satisfied in prison disciplinary hearings if the inmate receives a finding from an impartial decision maker, and is provided (1) at least 24 hours advance written notice of the charges; (2) an opportunity to present documentary evidence and testimony from witnesses; (3) help from other inmates or staff, if needed; and (4) a written statement of the evidence relied on and the reason for the disciplinary action. *Id.* at 564–70.

The disciplinary hearing record submitted in this proceeding reflects that these standards were met. (Docket Entries No. 8, 9.) To the extent petitioner alleges that the documents are "tainted," his conclusory allegation does not constitute probative summary judgment evidence and fails to raise a genuine issue of material fact precluding summary judgment. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (holding that a nonmovant's burden in a summary judgment motion is not satisfied by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence). Petitioner was given a copy of the disciplinary charges and notice of hearing on November 29, 2011, and the hearing was held December 2, 2011. (Docket Entry No. 8-1, p. 3.) Thus, petitioner received at least 24 hours advance written notice of the charges and hearing. Petitioner admits that he was allowed to present defense witness testimony by the DHO's acceptance of witness affidavits. Although petitioner complains that the DHO did not allow the witnesses to testify in person, he presents no probative summary judgment evidence that this prevented his presenting any particular defense. Nor is petitioner entitled to habeas relief on his assertion that the DHO did not ask all of the cross-examination questions petitioner had submitted in writing. The record shows that the DHO omitted certain questions as redundant or irrelevant. (Docket Entry No. 8-1.) The due process right of an inmate to present documentary evidence and witnesses under *Wolff* is limited, and confrontation and cross-examination of witnesses is not constitutionally required. *Houser*, 395 F.3d at 562.

Moreover, the notice of the disciplinary charge given to petitioner identified the charged offense and gave sufficient notice of the alleged infraction. The notice charged petitioner with the following:

> On [08/17/11 at 05:00 AM], and at B 2-3 row, Offender: Jon, Roy, TDCJ-ID # 00626840, did solicit assistance from Officer M. Sacks to violate an employee rule (falsifying a state document) in that said offender threatened to write Officer Sacks up for harassment if he did not write a false statement against his co-worker (Officer Finnie) for allegedly assaulting him during a routine pat search.

(Docket Entry No. 8-1, p. 3.) Petitioner may dispute the accuracy and veracity of the allegations in the notice, but his disagreement does not negate the fact that he was provided the required notice of the charges. The DHO's decision was supported by a written finding summarizing the testimony and documentary evidence, and petitioner fails to demonstrate a denial of due process under *Wolff*. (Docket Entry No. 8-1.)

*Insufficient Evidence*

Petitioner claims that the evidence was insufficient to support the disciplinary conviction. His claim is groundless.

The requirements of due process are satisfied if some evidence supports the DHO's decision finding petitioner guilty of the disciplinary charges. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). This Court is not required to examine the entire record, to assess independently the credibility of witnesses, or to weigh the evidence. *Id.* at 455. Prison disciplinary proceedings will be overturned only where there

5

is no evidence whatsoever to support the decision of the prison official. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994); *see also Pina v. Tamez*, 470 F. App'x 298 (5th Cir. 2012).

According to the offense report and disciplinary hearing record, Officer Finnie performed a routine pat down of petitioner during the early morning hours of August 17, 2011, after which Officer Sacks escorted petitioner to the unit day room. Petitioner later complained to a supervising officer that Finnie had struck him several times during the pat down and that Sacks was harassing petitioner. A short while later, while Sacks was returning petitioner to his cell, petitioner threatened to "write up" Sacks for harassment, but said he would refrain from doing so if Sacks would falsify a statement against Finnie for assaulting petitioner. Sacks reported the incident to his supervisors, which resulted in the instant disciplinary charges against petitioner. (Docket Entry No. 8-1.) Petitioner denied threatening or coercing Sacks.

Petitioner's disagreement with the veracity of the reporting officer's testimony and report does not entitle him to habeas relief, and his conclusory allegation that the reporting officer's offense report was "tainted" fails to constitute probative summary judgment evidence precluding summary judgment. *See Liquid Air Corp.*, 37 F.3d 1069 at 1075. The record in this case evinces that the offense report and the officer's testimony state that petitioner committed the rule violation as charged. (Docket Entry No. 8-1; Disciplinary

Hearing Audio CD.) This Court finds that there was some evidence supporting the DHO's finding of guilt as to petitioner, and habeas relief is unwarranted.

*Impartial DHO*

Petitioner complains that the DHO at his hearing was not impartial because he automatically sided with his co-workers and discounted petitioner's testimony.

A prisoner has a right to have a disciplinary hearing conducted by an impartial decision maker. *Wolff*, 418 U.S. at 571. To prevail on a claim that the disciplinary hearing officer is biased, an inmate petitioner must show that the actions taken presented "such a hazard of arbitrary decision making that it should be held violative of due process of law." *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009).

Petitioner here presents nothing more than his personal belief that the DHO automatically "sided" with the reporting and witness officers as they were his co-workers. This conclusory assertion is unsupported in the record or by probative summary judgment evidence, and does not indicate that the DHO's decision was so arbitrary as to constitute a violation of due process. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case."). Petitioner fails to meet his burden of proof under *Wolff* and *Morgan*, and habeas relief is unwarranted.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 7) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on January 7, 2013.

_____
Gray H. Miller
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY JON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-2176 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**FINAL JUDGMENT**

For the reasons stated in this Court's *Memorandum Opinion and Order* of even date, this civil action is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

Signed at Houston, Texas on January 7, 2013.

_____
Gray H. Miller
United States District Judge